UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BRENT A. ROWAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 15-2208-JDT-cgc |
| VS. ) | |
| ) | |
| DEPARTMENT OF JUSTICE, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*,
DIRECTING PLAINTIFF TO PAY THE $400 CIVIL FILING FEE,
ADDRESSING PENDING MOTIONS, DISMISSING COMPLAINT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On March 23, 2015, Plaintiff Brent A. Rowan ("Rowan"), booking number 15102052, an inmate at the Shelby County Criminal Justice Complex ("Jail") in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Clerk shall record the Defendants as the U.S. Department of Justice;the Public Defender's Office; Jail Staff; Memphis Bar Association; Tennessee Bar Association; Memphis Police Department; the Prosecuting Attorney's Office; the District Attorney; the United States District Court; the U.S. Court of Appeals; the U.S. Supreme Court; the Public Defender's Commission; and Internal Affairs.

Under the PLRA, a prisoner bringing a civil action must pay the full filing fee required by 28 U.S.C. § 1914(a). The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See McGore v.*

*Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs."), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

However, not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. *Wilson v. Yaklich*, 148 F.3d 596, 602-06 (6th Cir. 1998).

Plaintiff has filed three previous civil rights lawsuits in this district while he was incarcerated that were dismissed for failure to state a claim or as frivolous.[1] Therefore, Plaintiff may not file any action in this district while he is still incarcerated in which he proceeds *in forma pauperis* unless he demonstrates that he is under imminent danger of serious physical injury. The assessment of whether a prisoner is in imminent danger is made at the time of the filing of the complaint. *See, e.g., Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011);

---

[1] Plaintiff previously filed *Rowan v. Pizza Hut*, No. 2-10-cv-02658-JDT-dkv (W.D. Tenn. Sept. 2, 2011) (dismissed for failure to state a claim); *Rowan v. Major Currie*, No. 2:12-cv-02264-JST-dkv (W.D. Tenn. Nov. 26, 2012) (dismissed for failure to state a claim); and *Rowan v. City of Memphis*, No. 2:12-cv-02707-JDT-cgc (W.D. Tenn. Feb. 7, 2013) (dismissed for failure to state a claim).

*Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-16 (3d Cir. 2001) (en banc).

Rowan alleges that in February 2015, he was arrested, but not Mirandized, at the Hampton Inn before being taken to 6350 E. Shady Grove Road in Memphis, Tennessee. (ECF No. 1 at 2.) While he was in the police car, Rowan was "slurred" by the black male officer. (*Id.*) Additionally, he was harassed by the white female at the Hampton Inn. (*Id.*) Rowan states that the hospital in that area violated the Americans with Disabilities Act. (*Id.*) "That area is responsible for redlining and unfair real estate practices." (*Id.*) Rowan is asking for assistance from his alma matter to foreclose on "that" property.[2] Rowan also states that in January 2015, he was accident prone and an accident occurred at the above-referenced property. (*Id.*)

Rowan is seeking the "revenue and income of legal documents and accounts with assets and resources yielded from an employment number." (*Id.* at 3.) Rowan needs the Courts to "file my prospectus and tax briefs." (*Id.*)

Rowan has "failed to plead facts supporting a finding of imminent danger on the date that he filed his complaint." *Taylor v. First Medical Mgmt*, 508 F. App'x 488, 492-93 (6th Cir. 2012). Therefore, the application for leave to proceed *in forma pauperis* is DENIED pursuant to 28 U.S.C. § 1915(g). Plaintiff is ORDERED to remit the entire $400 civil filing fee within thirty (30) days after the date of this order.[3]

---

[2] The complaint does not assert which property Rowan is seeking to foreclose upon, but it appears he is talking about the hospital or the Hampton Inn.

[3] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees . . . as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Because the Court is denying leave to proceed *in forma pauperis* in this case, Plaintiff is liable for the entire $400 fee.

On May 15, 2015, Rowan filed a Motion for Judge to Review Postmarked Indigent Envelope. (ECF No. 5.) On May 25, 2015, Rowan filed a Motion for Judge to File and Review Inmate Programs. (ECF No. 6.) These motions are without merit and are DENIED.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506,

510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

Rowan filed his complaint on the court-supplied form for actions under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The complaint does not assert any valid claims because there is no allegation of wrongdoing by any of the named Defendants. When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Therefore, the complaint is subject to dismissal in its entirety for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, No. 12-1403, 2013 WL 646489, at *1 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Brown*, 2013 WL 646489, at *1; *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, leave to amend is not warranted.

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Rowan in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that

lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

The Court DISMISSES Rowan's complaint for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b(1). Leave to amend is DENIED. It is also CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Rowan would not be taken in good faith. Because Rowan is a 3-strike filer under 28 U.S.C. §1915(g), leave to appeal *in forma pauperis* is DENIED.

IT IS SO ORDERED.

      s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE